NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0405n.06
Filed: July 7, 2008

No. 07-1037

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WAYNE MCCARTY; DOROTHY A. MCCARTY; EDDIE ARMAIL JULIAN, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE |
| JOHN DOE, State Treasurer, et al., | ) ) | EASTERN DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) ) ) ) | |

BEFORE:    MERRITT, MOORE, and ROGERS, Circuit Judges

**MERRITT, Circuit Judge.**  Two Michigan state prisoners and  the mother of one of the prisoners appeal pro se a district court order dismissing their complaint filed pursuant to 42 U.S.C. § 1983, ERISA, 29 U.S.C. § 1001 et seq., and state tort law.  They seek, *inter alia*, an "Injunctive Order against a [Michigan] State Circuit Court Order" (Complaint ¶ 7, App. 61) concerning ERISA pension benefits.  In essence, the lead plaintiff, Wayne McCarty, seeks to appeal the State court judgment to the federal court.  His appeal and argument are directly contrary to our recent opinion in *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007) , holding that the *Rooker-Feldman* doctrine and *res judicata* apply to bar such an appeal.  Therefore, we affirm the District Court's judgment as to Wayne McCarty.

Plaintiff Wayne McCarty is a retiree from General Motors Corporation and a state prisoner. In 2004, the State obtained a final judgment against McCarty in a Michigan circuit court ordering him to notify General Motors to send his pension payments to the prison where he was incarcerated. The State would then reimburse itself for the costs of McCarty's incarceration, pursuant to the State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401-06. In 2005, instead of appealing the State-court judgment, plaintiff, Wayne McCarty, filed this action in federal district court against the state Treasurer, the Director of the Michigan Department of Corrections, the warden of the prison where McCarty is incarcerated, and the administrator of the General Motors pension fund. The complaint alleged that the defendants were in violation of 42 U.S.C. § 1983 and ERISA based on their participation in the state court action. McCarty's mother, who was also named as a plaintiff, alleged a contract claim involving the assignment to her of her incarcerated son's ERISA pension rights and alleged that she had a power of attorney and rights to the pension funds. Finally, another prisoner was named as a plaintiff. He was not involved in the earlier case, but he alleged that he was being retaliated against for helping McCarty with this lawsuit.

The matter was referred to a magistrate judge, who recommended that the complaint be dismissed *sua sponte* for lack of jurisdiction and failure to state a claim. The pro se plaintiffs objected to this recommendation. They also filed a lengthy motion for a preliminary injunction, in which the third plaintiff alleged further retaliation against him which precluded him from filing an amended complaint. The district court denied the motion, overruled the objections, and adopted the magistrate judge's recommendation. On appeal, plaintiffs reassert their claims and also argue that they should have been permitted to file an amended complaint.

Plaintiffs point out correctly that we have held that the Michigan Reimbursement Act, sometimes referred to by the acronym "SCFRA," is partially pre-empted by the anti-alienation and nonassignment provision of ERISA, and plaintiffs assert that if we reached the merits we would have to hold invalid the assignment of pension benefits to the State. *See Daimler-Chrysler Corp. v. Cox*, 447 F.3d 967, 975-76 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 2971 (2007). As to Wayne McCarty, the district court was not required to reach the merits of plaintiffs' ERISA claim because it lacked federal jurisdiction to review the state court judgment. Plaintiff McCarty sought to challenge the state court judgment obtained in Michigan circuit court against him in 2004, complained of injuries caused by that judgment, and invited the district court to review, reverse and enjoin that judgment. Under the principles enunciated in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), as cited, explained, and followed in *Abbott v. Michigan*, 474 F.3d 324, 332 (6th Cir. 2007) ("[b]ecause the federal courts lack jurisdiction over the plaintiffs' claims that they were injured by the state court SCFRA judgments, and because those claims as well as the plaintiffs' general challenge to the validity of SCFRA are barred by res judicata, we affirm the judgment of the district court"), as to Wayne McCarty, we are constrained to affirm the District Court.

The claimed assignment to McCarty's mother of his pension rights is a different matter. Although her claim was based on the same theory as her assignor's claim, we find no indication in the record that McCarty's mother was a party to his case in state court, and she is not necessarily bound by the state court decision. Neither the defendant nor the District Court suggests a theory or presents facts showing that the state court judgment binds the assignee or precludes her action. We

therefore reverse the judgment below against Dorothy A. McCarty and remand the case for further proceedings on her claim.

The claims of the third plaintiff, Eddie Julian, were properly dismissed for failure to state a claim against any particular prison employee or official who participated in retaliatory behavior against him. This plaintiff argues that the Director of the Michigan Department of Corrections is a named defendant, but there is no liability under 42 U.S.C. § 1983 based on the doctrine of *respondeat superior*. *Street v. Correction Corporation of America*, 102 F.3d 810, 817-18 (6th Cir. 1996). There is no allegation that the Director had knowledge of retaliatory behavior. The complaint fails to state a claim because neither the Director nor the unnamed Warden of Julian's prison is alleged to have participated in or encouraged any retaliatory conduct.

The argument raised on appeal that plaintiffs Wayne McCarty and Eddie Julian should have been permitted to file an amended complaint is also without merit. These plaintiffs did not move to amend the complaint, or submit a proposed amended complaint, and have not explained how they could have amended the complaint to avoid dismissal.

For these reasons, the judgments of the District Court against Wayne McCarty and Eddie Julian are affirmed. The judgment against Dorothy A. McCarty is reversed and remanded for further proceedings, as stated above.